**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

Case No.   **CV 23-2120-JFW(JCx)**                    Date:  May 30, 2023

Title:       R & R Surgical Institute -*v*- Health Care Service Corporation, et al.

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

    **Shannon Reilly**                                   **None Present**
    **Courtroom Deputy**                                 **Court Reporter**

**ATTORNEYS PRESENT FOR PLAINTIFFS:**      **ATTORNEYS PRESENT FOR DEFENDANTS:**
        None                                              None

**PROCEEDINGS (IN CHAMBERS):**        **ORDER TO SHOW CAUSE WHY COUNSEL SHOULD**
                                     **NOT BE SANCTIONED FOR FAILURE TO NOTIFY**
                                     **COURT OF RELATED CASE**

On December 13, 2022, Plaintiff R&R Surgical Institute ("Plaintiff" or "R&R") filed a Complaint against Defendant Health Care Service Corporation, dba Blue Cross and Blue Shield of Illinois ("HCSC") in Los Angeles County Superior Court, alleging the following claims for relief: (1) breach of oral contract; and (2) promissory estoppel.  On March 21, 2023, HCSC filed a Notice of Removal.  On April 26, 2023, HCSC filed a Motion to Dismiss Plaintiff's Complaint Pursuant to F.R.C.P. 12(b)(6).  In its moving and reply papers, HCSC claims that, in *Roohipour v. Blue Cross Blue Shield of Ill.*, Case No. 2:21-CV-6434-DSF-GJS (the "Related Action"), Judge Fischer addressed "nearly identical claims brought by R&R against HCSC," *see* Motion (Docket 21-1) at 2, and that Judge Fischer's case "involved the same parties and the same type of allegations as the instant dispute," Reply (Docket No. 24) at 1.

Local Rule 83-1.3.1 provides in relevant part:

    It shall be the responsibility of the parties to promptly file a Notice of
    Related Cases whenever two or more civil cases filed in this District:

    (a)    arise from the same or a closely related transaction, happening,
          or event;
    (b)    call for determination of the same or substantially related or
          similar questions of law and fact; or
    (c)    for other reasons would entail substantial duplication of labor if
          heard by different judges.
    . . .

Initials of Deputy Clerk _sr_

The Notice of Related Cases must include a brief factual statement that explains how the cases in question are related under the foregoing factors.  All facts that appear relevant to such a determination must be set forth.

The Notice must be filed at the time any case . . . appearing to relate to another is filed, or as soon thereafter as it reasonably should appear that the case relates to another.

Despite the fact that this case and Case No. 2:21-CV-6434-DSF-GJS appear to "call for determination of the same or substantially related or similar questions of law and fact," neither HCSC nor Plaintiff filed the Notice of Related Cases required by Local Rule 83-1.3.1 and HCSC failed to properly complete Section IX(b) Related Cases of the Civil Cover Sheet.

Accordingly, lead counsel for both HCSC and Plaintiff are ordered to show cause, in writing, no later than June 1, 2023, why they should not each be sanctioned in the amount of $1,500.00 for their failure to file a Notice of Related Cases as required by Local Rule 83-1.3.1 or otherwise notify the Court of the Related Action.  In addition, HCSC shall file a Notice of Related Cases by June 1, 2023. No oral argument on this matter will be heard unless otherwise ordered by the Court. See Fed. R. Civ. P. 78; Local Rule 7-15. The Order will stand submitted upon the filing of the response to the Order to Show Cause. Failure to respond to the Order to Show Cause will result in the imposition of monetary sanctions.

IT IS SO ORDERED.

Initials of Deputy Clerk __sr__